UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
YOUNG SHIN,

                Plaintiff,

-against-

OIKOS DEVELOPMENT LLC,

                Defendant.
---------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ JUL 15 2014 ★

BROOKLYN OFFICE

MEMORANDUM
AND ORDER

14-CV-4133 (SLT) (LB)

TOWNES, United States District Judge:

On July 3, 2014, plaintiff Young Shin, appearing *pro se,* filed this action against defendant. Plaintiff paid the requisite filing fee to commence this action. The complaint is dismissed as set forth below.

### Background

Although not a model of clarity, plaintiff appears to allege that her landlord exposed her to gas poisoning and mold from July 1, 2011 to May 15, 2012 in her basement apartment at 149-15 Barclay Avenue in Flushing, Queens. Plaintiff alleges that jurisdiction is based on "negligence and/or intentionally inflicting harm on gas leakage on & off, gas poisoning, cruel hazard environment . . .." Compl. at 1. In addition to plaintiff's sparse statement, she includes statements from friends, medical reports, inspection reports from the New York City Department of Health and Mental Hygiene, Division of Environmental Health, and photographs. Plaintiff seeks damages and a "proper punishment" against the landlord. Id.

### Standard of Review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." Id. While *pro se* complaints must contain sufficient factual allegations to meet the plausibility standard, see Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), the Court reviews such allegations by reading the complaint with "special solicitude" and interpreting the allegations to raise the "strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (*per curiam*); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted)). On the other hand, "a complaint need not pin plaintiff's claim for relief to a precise legal theory." Skinner v. Swither, 131 S.Ct. 1289, 1296 (2011). All that is required is "a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument." Id.

Even if plaintiff has paid the court's filing fee, a district court may dismiss the action, *sua sponte*, if it determines that the action is frivolous, see Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 263, 363-64 (2d Cir. 2000); see also Hawkins-El III v. AIG Federal Savings Banks, 224 F. App'x 394, 395 (2d Cir. June 18, 2009) (affirming district court's *sua sponte* dismissal of fee-paid frivolous complaint), or that the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999); Wynn v. AC Rochester, 273 F.3d 153, 157 (2d Cir. 2001); Fed. R. Civ. P. 12(h)(3).

## Discussion

Although the Court is sympathetic to the allegations raised in plaintiff's complaint, the Court does not have subject matter jurisdiction over plaintiff's claims against her landlord.

2

Federal courts are courts of limited jurisdiction and may not preside over cases if they lack subject matter jurisdiction. Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000). The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for "[f]ederal-question" jurisdiction, and § 1332 for "[d]iversity of citizenship" jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim "arising under" the Constitution or laws of the United States. She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. See § 1332(a).

Here, plaintiff's complaint alleging that she was exposed to gas and mold when she rented a basement apartment at 149-15 Barclay Avenue in Flushing, Queens, arises under state law, and does not suggest a basis for either federal question or diversity jurisdiction. See, e.g., Kheyn v. City of New York, Nos. 10-CV-3233, 10-CV-3234 (SLT), 2010 WL 3034652 (E.D.N.Y. Aug. 2, 2010) (citing cases); Rosquist v. St. Marks Realty Assoc., LLC, No. 08-CV-2764 (NGG), 2008 WL 2965435 (E.D.N.Y. Aug. 1, 2008) (citations omitted) (finding no subject matter jurisdiction over claims arising from plaintiff's disputes with his landlord and an eviction proceeding). Plaintiff may be able to pursue her claims in a state court, but she cannot do so in this court.

## Conclusion

Accordingly, the complaint is dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Any state law claims are dismissed without prejudice. Although plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/(SLT)

/SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
July 14, 2014